### SCHOOR v. DOCTOR.

#### (Supreme Court, Appellate Term.   May 5, 1904.)

1. AGENCY—AUTHORITY TO SIGN CHECKS—EVIDENCE—SUFFICIENCY.
   In an action on a check alleged by defendant to be a forgery, evidence *held* insufficient to show that his bookkeeper had authority to sign the check.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Benjamin Schoor against Emanuel Doctor. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and LEVENTRITT and GREENBAUM, JJ.

Lese & Connolly, for appellant.
Isidor Cohn, for respondent.

PER CURIAM. The action was brought to recover upon two checks for $30 and $75, respectively. The defenses were that the former, although signed by the defendant, was never issued, and had no legal inception, and that the latter was a forgery. That the $75 check was a forgery was conclusively established, unless the proofs in the case

were sufficient to spell out an authority in the defendant's bookkeeper to sign the check in the defendant's name. The only testimony on this point was the following, elicited on defendant's cross-examination: "Q. He had authority to make out checks, didn't he? A. No, sir. Q. Did he make out all checks? A. Some; sometimes." How an authority to sign checks can be inferred from the testimony quoted is quite inconceivable. The witness' statement plainly meant that his bookkeeper usually filled in the body of the check, which, indeed, is the case with the $30 check concededly signed by the defendant, which is in evidence. If the bookkeeper had in fact authority to sign checks, his imitation of defendant's handwriting on the forged check would have been unnecessary. Proof of such authority might readily have been obtained from the bank, but no such proof was introduced.

In support of the judgment the respondent urges that the defendant was estopped from setting up his defenses, and based the alleged estoppel upon the proof that prior to the transactions here involved the defendant introduced the plaintiff to his bookkeeper, and requested the plaintiff to cash checks for him, and that a great number of defendant's checks had been cashed by the plaintiff. All of this was flatly contradicted by the defendant. The plaintiff's story is absolutely uncorroborated in any respect, and his veracity is open to some doubt in view of the testimony of his own witness, which conflicts materially with his. The probabilities of the case, too, are with the defendant and against the plaintiff. It is highly improbable that the defendant, having his place of business at Sixty-Sixth street and Avenue A in this city, should send to the defendant's place of business at 170 Orchard street to have checks cashed, when the State Bank, in which he had his account, was in Grand Street, a few blocks from the defendant's place of business.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.